IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ZAKIA SMITH )
)
v. ) NO. 3-12-0413
) JUDGE CAMPBELL
TENNESSEE STATE UNIVERSITY, )
et al. )

MEMORANDUM

Pending before the Court are Defendants' Motion for Summary Judgment (Docket No. 27) and Plaintiff's Motion for Partial Summary Judgment (Docket No. 41). For the reasons stated herein, Defendants' Motion is GRANTED in part and DENIED in part, and Plaintiff's Motion is DENIED.

FACTS

Plaintiff has sued her employers, Tennessee State University ("TSU") and the Tennessee Board of Regents, pursuant to 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for employment discrimination and retaliation. Plaintiff is an African-American female who worked as a financial aid counselor for TSU from January 2008 through July 2011. Plaintiff alleges that she was passed over for a promotion to Coordinator of State and Private Funds at TSU because of her race and her gender. The position was given to a Caucasian male.

Plaintiff also alleges that Defendants retaliated against her for filing an internal grievance and an Equal Employment Opportunity Commission ("EEOC") complaint about the alleged discrimination. Plaintiff contends that she was retaliated against when Defendants demoted her to a position in the Call Center with less prestige and less income and by Defendant's treating her with hostility and denying her workplace benefits and accommodations.

Defendants have moved for summary judgment on all of Plaintiff's claims, and Plaintiff has moved for partial summary judgment on her retaliation claim.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## RACIAL AND GENDER DISCRIMINATION

Plaintiff has alleged that Defendants failed to promote her because of her race and her gender. In order to establish a *prima facie* case of discrimination based upon failure to promote, Plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the same time her request for promotion was denied. *Warf v. U.S. Dept. of Veterans Affairs*, 713 F.3d 874, 879 (6th Cir. 2013); *Nguyen v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000).

If Plaintiff establishes her *prima facie* case, the burden then shifts to the Defendants to provide a legitimate, nondiscriminatory reason for promoting the other employee. *Warf,* 713 F.3d at 879. If Defendants provide a legitimate, nondiscriminatory reason for their actions, the burden shifts back to Plaintiff to show that the reason is pretext for discrimination. *Id.*

Defendants do not argue that Plaintiff has failed to establish a *prima facie* case. Rather, Defendants argue that TSU had a legitimate, nondiscriminatory reason for not promoting Plaintiff and that Plaintiff cannot show that Defendants' reason was pretext. A plaintiff may establish pretext by showing that the employer's proffered reasons (1) have no basis in fact, (2) did not actually motivate the action; or (3) were insufficient to warrant the action. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). The ultimate burden of proof to show discrimination remains on the plaintiff at all times. *Dews v. A.B.Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000).

In 2010, the financial aid department at TSU opened up the interview and selection process for the position of Coordinator of State and Private Funds. Plaintiff applied and was interviewed

for this position. The committee that interviewed candidates for the position consisted of three people. The parties dispute whether this committee was to narrow down the candidates or to actually select a person for the job. Plaintiff maintains that the committee was established to interview and select the best person for the job. Defendants contend that the committee's role was to provide recommendations to the hiring manager, who then made the decision on which person was hired.

Defendants do not dispute that after interviewing the candidates, the committee unanimously determined that Plaintiff was the best candidate for the position. Neither do they dispute that the committee recommended Plaintiff as its first candidate and Brian Keister as its number two candidate. Ms. Wood, the Financial Aid Director, stated that she chose Mr. Keister for the position based on his overall interview responses, work performance, and past job performance. Defendants contend that Plaintiff was not promoted to the position of Coordinator of State and Private Funds because she was not the best person for the job.

Plaintiff points to the fact that she is black and female and Mr. Keister is white and male as evidence of racial and gender discrimination. This fact alone, however, does not establish that Defendants' reason was pretext. Plaintiff also claims that she is more qualified, more educated, and more experienced than Mr. Keister. Defendants do not argue that Plaintiff was not qualified for the position. Rather, they assert that Mr. Keister also was qualified and was better suited, in the opinion of the decision-maker, Ms. Wood, for the position.

Although an employer's business judgment is not an absolute defense to unlawful discrimination, the Court does not act as a super personnel department, overseeing and second guessing employers' business decisions. *Carter v. Toyota Tsusho America, Inc.*, 2013 WL 3306336 at * 9 (6th Cir. July 2, 2013). The role of the Court is not to evaluate the employer's business

4

judgment, but instead to determine whether the employer was motivated by discrimination. *Stanley v. Central Kentucky Community Action Council, Inc.*, 2013 WL 3280264 at * 7 (W.D. Ky. June 27, 2013).

Relative qualifications establish triable issues of fact as to pretext where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former, or (2) the plaintiff was as qualified as or better qualified than the successful applicant and the record contains other probative evidence of discrimination. *Taylor v. Science Applications Int'l Corp.*, 2013 WL 1729217 at * 7 (M.D. Tenn. April 22, 2013); *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 392 (6th Cir. 2009). When the plaintiff offers other probative evidence of discrimination, that evidence, taken together with evidence that the plaintiff was as qualified as or better qualified than the successful applicant, might result in the plaintiff's claim surviving summary judgment. *Risch* at 392.

Although she has established (and Defendants do not dispute) that she was qualified for the position, Plaintiff has not shown that she was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former. Mr. Keister was also qualified.

As evidence of racial discrimination, Plaintiff argues that Ms. Wood had made statements about "turning the financial aid department white." Yet, the cited portions of the two depositions upon which Plaintiff relies establish only that any knowledge the deponents might have of such a statement is based upon hearsay. *See* Docket No. 52, ¶ 78. Ms. Wood denies making any such statement, and there is no admissible evidence in the record to rebut her assertion.

Plaintiff also makes conclusory statements concerning the treatment of minority employees, but those statements are based solely upon Plaintiff's own testimony and Plaintiff's own "belief."

5

Therefore, the Court finds that Plaintiff has not established triable issues of fact with regard to pretext. Moreover, the issue is not which person was more qualified, Plaintiff or Mr. Keister. The issue is whether Defendants failed to promote Plaintiff because of her gender and/or race. Plaintiff has failed to show that there are genuine issues of material fact as to whether Defendants' decision was based upon race and/or gender.

Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's racial and gender discrimination claims is granted.

## RETALIATION

Both parties have moved for summary judgment on Plaintiff's retaliation claim. To establish a claim for retaliation, Plaintiff must show that: (1) she engaged in protected activity; (2) the activity was known to the Defendants; (3) she was subjected to a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action. *Harris v. Metropolitan Govt. of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010). Once this showing is made, the Defendants must articulate a legitimate, nonretaliatory reason for their action before the burden shifts back to Plaintiff to show that the proffered reason was not the true reason but merely a pretext for retaliation. *Id*. The burden of persuasion remains with the Plaintiff throughout. *Id*.; *see also Dunn v. Automotive Finance Corp.*, 2013 WL 3335084 at * 6 (M.D. Tenn. July 2, 2013). The Supreme Court has held that the fourth element, causation, requires that Plaintiff show that the unlawful retaliation would not have occurred in the absence of the alleged wrongful actions of the employer. *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013).

Plaintiff argues that after she made an internal complaint and EEOC charge concerning Defendants' failure to promote her, Defendants gave her lower performance evaluations, began treating her with hostility, transferred her to a non-professional, clerical-level position in the Call Center, compelled her to work in a less prestigious, less desirable and less comfortable work environment, and reduced her annual pay by approximately $5,000.00. Plaintiff also contends that, after she filed this lawsuit, she complained to her supervisor, Ms. Harris, about the unfair and retaliatory treatment she was receiving, and Ms. Harris commented, "You file lawsuits against me and I'm supposed to be okay with that?"

The Court finds that Plaintiff has offered evidence which creates a genuine issue of material fact as to whether Defendants retaliated against her for her protected activity. First of all, there is no dispute that Plaintiff engaged in protected activity and that Defendants were aware of that activity. Moreover, a jury could reasonably conclude that demotion to a less prestigious, less desirable, and less comfortable job, with a cut in salary, is a materially adverse employment action. *See Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405, 2417 (2006). Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances. *Id*. A plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Crawford v. JP Morgan Chase & Co.*, 2013 WL 3984999 at * 5 (6th Cir. Aug. 6. 2013) (citing *Burlington).*

In light of the alleged statement of Ms. Harris and temporal proximity (approximately five months) and given the material issues as to Defendants' treatment of Plaintiff after her protected

7

activity, the Court finds that Plaintiff has provided sufficient evidence to survive summary judgment on her retaliation claim. Plaintiff has not, however, shown that there are no genuine issues of material fact as to this issue, so her Motion for Partial Summary Judgment should be denied.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's claims for racial and gender discrimination are DISMISSED. Plaintiff's Motion for Partial Summary Judgment is DENIED. This action remains set for trial on November 12, 2013.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8